IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| EXPORT DEVELOPMENT CANADA,<br><br>    Plaintiff,<br><br> v.<br><br>NC EYEWEAR INC., WILLIAM COLLINS, AND FRAME DEJOUR II, INC.,<br><br>    Defendants. | Civil Action No.: 3:13-cv-00103 (GCM)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

  WHEREAS, plaintiff Export Development Canada ("Plaintiff") has moved for a preliminary injunction enjoining, restraining, and prohibiting defendants NC Eyewear, Inc., Frame Dejour II, Inc., and their respective officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of the foregoing persons; from selling, transferring, assigning, encumbering, or otherwise disposing of any ownership interest in the goods that are the subject matter of this action or any proceeds received from the sale of such goods (the "Motion");

  WHEREAS, the Court issued a temporary restraining order on February 20, 2013,[1] pursuant to which defendants NC Eyewear, Inc., Frame Dejour II, Inc., and their respective officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with any of the foregoing persons were temporarily enjoined, restrained, and prohibited from selling, transferring, assigning, encumbering, or otherwise disposing of any ownership interest in any goods delivered to NC Eyewear, Inc. by Wescan Optical, Inc. between January 1, 2012, and July 31, 2012, or any

---

[1] Docket No. 10.

1

proceeds received from the sale of such goods;

WHEREAS, the Court scheduled a hearing, on notice to the defendants, to determine Plaintiff's entitlement to the issuance of a preliminary injunction, which hearing took place on March 20, 2013, and at which all parties appeared through counsel (the "Hearing");

WHEREAS, the Court has considered Plaintiff's Complaint,[2] Plaintiff's moving Memorandum of Law[3] in support of the Motion and the supporting Affidavits of David Mannion,[4] Michael Suliteanu,[5] and Daniel Barona;[6] defendants' Memorandum of Law in opposition to the Motion[7] and the supporting affidavit of William Collins;[8] and Plaintiff's reply Memorandum of Law[9] and the supporting declaration of David Mannion;[10] and the arguments of counsel for all parties at the Hearing (the "Motion Record"); and it appears to the satisfaction of the Court that: (1) there is a strong likelihood Plaintiff will succeed on the merits of its claims for the imposition of a constructive trust against NC Eyewear, Inc. and Frame Dejour II, Inc.; (2) Plaintiff will be irreparably harmed unless an injunction is issued; (3) the equities weigh in favor of granting an injunction; and (4) the issuance of an injunction is in the public interest;

IT IS THEREFORE ORDERED that, pursuant to Fed. R. Civ. P. 65, defendants NC Eyewear, Inc., Frame Dejour II, Inc., and their respective officers, agents, servants,

---

[2] Docket No. 1.
[3] Docket No. 8 (*Ex Parte*).
[4] Docket No. 5 (*Ex Parte*).
[5] Docket No. 6 (*Ex Parte*).
[6] Docket No. 7 (*Ex Parte*).
[7] Docket No. 20.
[8] Docket No. 20-1.
[9] Docket No. 21.
[10] Docket No. 22.

employees, attorneys, and any other persons who are in active concert or participation with any of the foregoing persons; are hereby enjoined, restrained, and prohibited from selling, transferring, assigning, encumbering, or otherwise disposing of any ownership interest in any goods delivered to NC Eyewear, Inc. by Wescan Optical, Inc. between January 1, 2012, and July 31, 2012, or any proceeds received from the sale of such goods.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65(c), the $2,000.00 bond posted by Plaintiff as security for the issuance of the temporary restraining order is deemed sufficient security for the issuance of the preliminary injunction.

IT IS FURTHER ORDERED that counsel for the parties are to confer as soon as practicable pursuant to Fed. R. Civ. P. 26(f), and file a discovery plan with the Court no later than April 3, 2013;

IT IS FURTHER ORDERED that Plaintiff may proceed with four (4) depositions immediately, including, but not limited to, depositions of William Collins and the third-party purchaser to whom the goods that are the subject matter of this action were allegedly sold; after which the need for additional discovery will be determined.

BY ORDER OF THE COURT

Signed: March 21, 2013

Graham C. Mullen
United States District Judge